UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MATTHEW WILSON,

                Plaintiff,

        - against -

AMERICAN AIRLINES INC., and
JOHN DOE,

                Defendants.
-----------------------------------------------------------X

<u>ORDER</u>
10-CV-0384 (SLT) (ALC)

**CARTER, United States Magistrate Judge:**

The Honorable Sandra L. Townes, United States District Judge, has assigned this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practices of Magistrate Judge Andrew L. Carter, Jr." Both plaintiff and defendants are required to follow them with one exception: *pro se* parties are automatically exempt from mandatory electronic filing. Parties represented by counsel in *pro se* cases must file all submissions electronically and mail the submission to the *pro se* litigant. Plaintiff is to provide a copy of this Order and the enclosed rules to defendants along with the summons and complaint.

The Court's records reflect that the complaint in this action was filed on January 27, 2010. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon the defendants by May 27, 2010, or plaintiff fails to show good cause why such service has not been effected, it will be recommended that the Court dismiss this action without prejudice.



Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

SO ORDERED.

Dated: February 3, 2010
Brooklyn, New York

ANDREW L. CARTER, JR.
United States Magistrate Judge

# INDIVIDUAL PRACTICE RULES OF
## MAGISTRATE JUDGE ANDREW L. CARTER, JR.
United States Courthouse
225 Cadman Plaza, East, Rm. N505
Courtroom N504 - North Building, 5th Floor
Chambers: (718) 613-2220
Fax: (718) 613.2225
Courtroom Deputy: Tara D. Hunter-Hicks

Unless otherwise ordered by Magistrate Judge Carter in a specific case, matters before Magistrate Judge Carter shall be conducted in accordance with the following practices:

1. **COMMUNICATIONS WITH CHAMBERS**

    A. **Letters**

    All communications with chambers shall be by letter filed via ECF.
    **Hard copies of correspondence between counsel are not to be sent to chambers.**

    B. **Telephone Calls and Case Related Inquiries**

    For case related questions, counsel should first refer to the docket sheet. Only if absolutely necessary, counsel may contact Tara Hunter-Hicks at (718) 613-2220 between 9:00 a.m. - 5:00 p.m.
    **Adjournment requests may not be made telephonically.**

    C. **Faxes**

    Faxes to chambers are permitted only in extraordinary circumstances where an electronic filing of the document is not possible AND permission from chambers is previously obtained. Copies of faxes must be simultaneously faxed to all counsel. No document longer than 5 pages may be faxed. **DO NOT SEND A HARD COPY.**

    D. **Requests for Adjournments for Extension of Time**

    All requests for adjournments of conferences or extensions of time must be electronically filed, as motions, no later than 48 hours in advance of the conference date (or 3:00 p.m. the previous Friday if the conference is scheduled for Monday or Tuesday), on consent of all parties, and state the following:

    > (1) the original date of the conference and/or deadline
    > (2) the number of previous requests for adjournments or extension,

(3) whether these previous requests were granted or denied, and
(4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent,
(5) if the requested adjournment or extension affects any other scheduled dates, a Proposed Revised Scheduling Order must be attached.

**COUNSEL ARE NOT TO ATTEMPT TO SEEK ADJOURNMENTS BY TELEPHONE.**

2. **MOTIONS**

    A. **Pre-Motion Conferences in Civil Cases**

    For discovery motions, follow Local Civil Rules 37.3 and 6.4. For motions other than discovery motions, in all cases where the parties are represented by counsel and in cases other than habeas corpus/prisoner petitions and Social Security and Bankruptcy appeals, a pre-motion conference with the court is required before making any dispositive motion, motion for a change of venue or to amend a pleading pursuant to Rule 15 of the Fed. R. Civ. P. where leave of the court is required.

    B. **Courtesy Copies**

    Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

    C. **Memoranda of Law**

    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to **25 pages**, and reply memoranda are limited to **10 pages**. Memoranda of 10 pages or more shall contain a table of contents.

    D. **Filing of Motion Papers**

    For all motions referred to the magistrate judge, motion papers shall be filed via ECF by each party when they are due.

    E. **Oral Argument of Motions**

    Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

3. **PRETRIAL PROCEDURES**

   A. **Joint Pretrial Orders in Civil Cases**

   Unless otherwise ordered by the Court, within 60 days from the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

   i. The full caption in the action.

   ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

   iii. A brief statement by the plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

   iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

   v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

   vi. A statement as to whether or not all parties have consented to a trial of the case by a magistrate judge (without identifying which parties have or have not consented).

   vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

   viii. A list of names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

   ix. A designation by each party of deposition testimony to be offered in its

case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with a statement indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases**

Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i. On Thursday before trial in jury cases, requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought and defenses. General instructions will be prepared by the Court. When feasible, proposed jury charges should be submitted on a CD in WordPerfect or PDF format.

ii. By claim, a detailed statement regarding damages and other relief sought;

iii. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iv. In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>: and

v. In any case where such party believes it would be useful, a pretrial memorandum.