UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW WILSON,

              Plaintiff,

       - against -

AMERICAN AIRLINES INC., and
JOHN DOE,

             Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-0384 (SLT) (ALC)

**CARTER, United States Magistrate Judge:**

    On January 27, 2010, the Plaintiff Matthew Wilson filed a complaint initiating the instant action. Attached to his complaint, the Plaintiff also submitted a letter to the Pro Se Writ Clerk making two requests: (1) that his address, telephone number, email address, and the full names of his two minor daughters be redacted from the complaint and all other filings; and (2) that he be permitted access to the court's electronic filing system.

    Rule 5.2 of the Federal Rules of Civil Procedure provides that a party filing a document with the Court that contains the name of an individual known to be a minor may refer to the minor by initials only. Thus, Plaintiff could have identified his minor children by their first and last initials in his complaint, but instead chose to refer to them by full name. However, pursuant to the rule, should any party need to refer to the Plaintiff's minor children in any electronic or paper filings in the future, the parties are directed to use only the minor's first and last initials. Likewise, should any future proceedings in the case be transcribed, the full names of any minors shall be redacted and replaced by the minor's initials prior to the transcript being made available.

    Rule 5.2 contains no similar provision with regard to addresses, telephone numbers, or email addresses. Plaintiff initiated this action and, as a pro se party, is serving as his own representative. Thus, it is necessary that the Plaintiff's full and accurate contact information be



maintained and recorded for purposes of being notified, contacted and served by both this Court and opposing counsel. Consequently, Plaintiff's request to have his telephone number and email address redacted and his mailing address identified simply by city and state is denied.

Finally, Plaintiff has requested permission to access the court's electronic filing system for purposes of filing and receiving documents in this case. It is the general practice in this district that pro se parties are not permitted to access the electronic filing system absent extreme circumstances. As Plaintiff's representation that he travels extensively does not rise to that level, Plaintiff's request is denied at this time. Should it become apparent that Plaintiff's circumstances do in fact warrant granting him access to the ECF system, the Court will revisit the issue at that time.

**SO ORDERED.**

Dated: **February 3, 2010**
**Brooklyn, New York**

ANDREW L. CARTER, JR.
**United States Magistrate Judge**